**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**VENETIA PAPAKOS,**

    **Plaintiff,**

                                **CASE NO.:**

**v.**

**PINNACLE STAFFING SOLUTIONS,
INC.,**

    **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Venetia Papakos ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant, Pinnacle Staffing Solutions, Inc. ("Defendant"), and in support of her claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay a minimum wage.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq. This Court has pendent jurisdiction over Plaintiff's state law claims.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Marion County, Florida, which lies within the Middle District.

**PARTIES**

4. Plaintiff is a resident of Pinellas County, Florida.

5. Defendant operates a staffing, recruiting and workforce management company in Clearwater, in Pinellas County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

10. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

11. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

12. Defendant continues to be an "employer" within the meaning of the FLSA.

13. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

14. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

15. At all times material hereto, the work performed by Plaintiff was essential to the business performed by Defendant.

## FACTS

16. Plaintiff began working for Defendant as a Senior Recruiter in April 2019, and she worked in this capacity until July 2019.

17. At all times material hereto, Plaintiff worked hours at the direction of Defendant, and Plaintiff was not paid a minimum wage for all of the hours that she worked.

18. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant, and she was entitled to be compensated for all of her overtime hours at a rate equal to one and one-half times her regular hourly rate.

19. Defendant failed to pay Plaintiff an overtime premium for all of her overtime hours, in violation of the FLSA.

20. Defendant failed to pay Plaintiff for all of her work pursuant to the terms agreed upon. Defendant presented Plaintiff with three "contracts" over the course of her employment, two of which Plaintiff signed. The first "contract" related the terms of commissions and bonuses. The second "contract" capped the earning potential of Plaintiff by establishing a hard cap for monies that may be paid by Defendant. The third contract, unsigned by Plaintiff, removed the bonus structure.

21. To date, Defendant owes Plaintiff over $10,300 in unpaid commissions.

22. Defendant further owes Plaintiff for bonuses that are also unpaid.

23. Defendant also retained certain commissions from Plaintiff's pay for allegedly not complying with the terms of Defendant's "contract." For example, Defendant withheld $1,500 from Plaintiff's first placement allegedly because the candidate was

already within Defendant's database, however Defendant's "contract" does not prohibit Plaintiff from sourcing candidates already in the database.

24. Defendant owes Plaintiff $3,681.00 for the final weeks of Plaintiff's employment with Defendant.

25. Defendant owes Plaintiff for the first two weeks of her employment, in the amount of approximately $1,500.00, because Defendant categorized the payment as an advance and the payment was recouped by Defendant through payment of Plaintiff's bonuses over time.

26. In exchange for Plaintiff's services, Defendant agreed to pay Plaintiff commissions, plus bonuses.

27. Defendant failed to pay Plaintiff all wages owed to her, including bonuses.

28. Plaintiff's commissions and bonuses she is owed from Defendant constitute "wages" under Florida common law and Fla. Stat. Section 448.08.

29. Defendant's failure to pay Plaintiff all of her wages, including the commissions and bonuses, was willful. Defendant willfully ran a different software program in calculating Plaintiff's owed commissions.

30. Despite the alleged contractual nature of the work, Plaintiff was effectively and employee of Defendant.

31. The Plaintiff's services were an integral part of the Defendant's business in providing staffing and staffing leads in the specific area of radiation oncology and radiology to meet the needs of the Defendant's client accounts. Any new business developed or candidates sourced for the Defendant were required to be proprietary to the

Defendant as well as the subject of a non-compete clause to follow Plaintiff if the employment relationship ended.

32. The Plaintiff utilized all of the Defendant's equipment and supplies and operated solely within the Defendant's equipment. Defendant utilized tracking programs such as "Big Biller" and "Wow" to determine the Plaintiff's work efforts and outcomes. These programs were also utilized by the Defendant to determine Plaintiff's compensation including bonuses.

33. The Defendant required the Plaintiff to work at least forty (40) hours Monday through Friday towards the work Defendant outlined in the alleged contract for Plaintiff.

34. The Defendant required the Plaintiff to "clock-in" every day in the Defendant's system.

35. Plaintiff worked in excess of forty (40) hours every week and Defendant was aware of Plaintiff's hours in excess of forty (40) hours every week to meet the Defendant's quotas.

36. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA OVERTIME VIOLATION

37. Plaintiff realleges and readopts the allegations of paragraphs 1 through 36 of this Complaint, as though fully set forth herein.

38. During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and she was not compensated for all of these hours in accordance with the FLSA.

39. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

40. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

    a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

    b) Judgment against Defendant, stating that Defendant's violations of the FLSA were willful;

    c) An amount equal to Plaintiff's overtime damages as liquidated damages;

    d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

    e) A declaratory judgment stating that Defendant's practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

    f) All costs and attorney's fees incurred in prosecuting these claims; and

    g) For such further relief as this Court deems just and equitable.

## COUNT II – FLSA UNPAID WAGES

41. Plaintiff realleges and readopts the allegations of paragraphs 1 through 29 of this Complaint, as though fully set forth herein.

42. During the statutory period, Plaintiff worked for Defendant, and Defendant agreed to pay Plaintiff for her services.

43. Defendant consistently made a deduction from Plaintiff's wages to recoup the first $1,500.00 of compensation paid to Plaintiff.

44. Defendant's practice of unlawfully deducting these monies from Plaintiff's wages constitutes a failure to pay the federal minimum wage to employees for hours worked, in violation of the FLSA.

45. By unlawfully deducting these monies from Plaintiff's wages, Defendant obtained "kickbacks" from Plaintiff, in violation of 29 C.F.R. § 531.35.

46. Defendant's unlawful deduction practices violate the provisions of the FLSA.

47. All of the foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

48. As a result of the foregoing, Plaintiff has suffered damages.

*WHEREFORE*, Plaintiff demands:

    a)    Judgment against Defendant for an amount equal to Plaintiff's unpaid wages as measured by Defendant's unlawful deductions, as liquidated damages;

    b)    Judgment against Defendant, stating that Defendant's violations of the FLSA were willful;

    c)    A jury trial for all issues so triable;

    d)    To the extent liquidated damages are not awarded, an award of prejudgment interest;

    e)    A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

    f)    All costs and attorney's fees incurred in prosecuting these claims; and

    g)    For such further relief as this Court deems just and equitable.

## COUNT III – UNPAID WAGES UNDER FLORIDA COMMON LAW

49. Plaintiff realleges and readopts the allegations of paragraphs 1 through 29 of this Complaint, as though fully set forth herein.

50. Plaintiff worked for Defendant during the statutory period, and Defendant agreed to pay Plaintiff for her services.

51. Defendant failed to pay Plaintiff all "wages" owed to her, including her commissions and bonuses she is owed from Defendant.

52. As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue and that this Court take jurisdiction over the case;

    c)    Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages;

    d)    All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. §448.08; and

    e)    For such further relief as this Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 11th day of March 2020.

Respectfully submitted,

/s/ Brandon J. Hill
**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
Direct Dial: 813-379-2560
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: aheystek@wfclaw.com
Email: jcornell@wfclaw.com
Email: rcooke@wfclaw.com
**Attorneys for Plaintiff**